IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MEJIA MORENA VENUTIANO,**

        **Plaintiff,**

                                          CIVIL ACTION
    **vs.**                                No. 08-3102-SAC

**BUTLER COUNTY DETENTION CENTER, et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff's amended complaint (Doc. 13).

**Background**

Plaintiff's claims arose during his detention[1] in the Butler County Jail, El Dorado, Kansas, while he was in the custody of the United States Marshals Service (USMS).

Plaintiff states that on or around October 22, 2007, he slipped and fell in water on the floor of his cell at approximately 5:00 a.m. After his cellmate notified the officer on duty, plaintiff was told not to get up until a nurse examined

---

[1] Plaintiff was in the custody of the U.S. Marshals Service during his detention in Butler County. He states that he was moved from the jail by the USMS approximately one month later. (Doc. 13, p. 3.)

him. He remained on the floor until the nurse reported for duty at the facility two hours later.

The nurse examined petitioner in his cell, and he was moved on a stretcher to the jail infirmary. After he was evaluated in the infirmary, he was given a shot and pain pills, but he was told additional treatment, such as an MRI, would not be provided at the jail because the USMS would not pay for these services. Plaintiff was X-rayed at a later time.

Approximately one month later, the USMS transferred plaintiff from the facility. It appears from the materials appended to the amended complaint that plaintiff was evaluated at an orthopedic medical practice in May 2008 and received an MRI on July 14, 2008, at a California medical facility.[2]

### Discussion

*Screening requirement*

Pursuant to 28 U.S.C. § 1915A, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Thereafter, the court must dismiss "the complaint, or any portion of the complaint," if it "is frivo-

---

[2] Doc. 13, Attach., p. 6, report from Barstow Orthopaedics Medical Group, Inc, and p. 7, Radiologic Consultation Report.

lous, malicious, fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such a claim."  28 U.S.C. § 1915A(b)(1) & (2).

"Section 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee."  *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000) (citations omitted).

The court has conducted an initial review of the complaint and enters the present order to allow plaintiff to show cause why this matter should not be dismissed.

As a pretrial detainee, plaintiff was entitled to protection, under the Fourteenth Amendment Due Process Clause, commensurate to that afforded a convicted prisoner under the Eighth Amendment.  *Barrie v. Grand Cnty., Utah*, 119 F.3d 862, 867 (10th Cir. 1997).

To state a claim under the Eighth Amendment based upon a denial of medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  This standard has two components: first,"an objective component requiring that the pain or deprivation be sufficiently serious"; and second, "a subjective component requiring that [prison] officials act with a sufficiently culpable state of

3

mind." *Miller v. Glanz,* 948 F.2d 1562, 1569 (10th Cir. 1991).

In order to establish the objective component, plaintiff must show the existence of a "serious medical need," namely, "a serious illness or injury." *Estelle,* 429 U.S. at 104, 105; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). To establish the subjective component, plaintiff must show that the defendant was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm" existed, and that the defendant drew that inference. *Martinez v. Garden,* 430 F.3d 1302, 1305 (10th Cir. 2005)(citing *Riddle v. Mondragon,* 83 F.3d 1197, 1204 (10th Cir. 1996)(quotation omitted)).

A delay in providing medical care violates constitutional limits only where the plaintiff can show that the delay caused substantial harm. *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001); *Olson v. Stotts,* 9 F.3d 1475, 1477 (10th Cir. 1993).

In contrast, "[a] negligent failure to provide adequate medical care, [and] even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.,* 165 F.3d 803, 811 (10th Cir. 1999).

Finally, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Id.*

Here, the plaintiff received medical attention within two

4

hours of his fall, and the decision not to move him until he could be examined by a nurse does not suggest deliberate indifference. He was given pain medication, and it appears he later was given an X-ray, although it is not clear from his complaint exactly when this occurred. The nurse explained to plaintiff that evaluation by an MRI would be performed only after the USMS again took custody of him.

While plaintiff did not receive all of the medical procedures he desired, it appears he eventually did receive an MRI, though it was administered approximately six months after he was removed from the Butler County facility by the USMS. The materials supplied by the plaintiff to document the medical care he later received do not suggest his condition deteriorated as a result of that delay.

Accordingly, the court is considering the dismissal of this matter on the ground that plaintiff has failed to state a claim for relief. Plaintiff will be granted an opportunity to show cause why such a dismissal should not be granted.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including May 19, 2011, to show cause why this matter should not be dismissed for the reasons set forth herein.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 15th day of April, 2011.


                              S/ Sam A. Crow
                              SAM A. CROW
                              United States Senior District Judge